**FILED**
June 15, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: ___lad___
DEPUTY

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE __WESTERN__ DISTRICT OF TEXAS

__WACO__ DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY
A PERSON IN STATE CUSTODY

| | |
|---|---|
| Reginald Bernard Hatton | John M. Wynne State Farm |
| PETITIONER | CURRENT PLACE OF CONFINEMENT |
| (Full name of Petitioner) | |
| | #01637539 |
| vs. | PRISONER ID NUMBER |
| BOBBY LUMPKIN, Director, TDCJ-CID | 6:23-cv-454 |
| RESPONDENT | CASE NUMBER |
| (Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner) | (Supplied by the District Court Clerk) |

**INSTRUCTIONS - READ CAREFULLY**

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?**  (Check all that apply)

- [x] A judgment of conviction or sentence, probation or deferred-adjudication probation.  (Answer Questions 1-4, 5-12 & 20-25)
- [ ] A parole revocation proceeding.  (Answer Questions 1-4, 13-14 & 20-25)
- [ ] A disciplinary proceeding.  (Answer Questions 1-4, 15-19 & 20-25)
- [ ] Other: _____  (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
Note: In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: __77TH Judicial District Court of Limestone County, Texas.__

2.  Date of judgment of conviction: __March 11, 2010__

3.  Length of sentence: __Ten (10) years confinement__

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: __#12115-A - Tamper Fabricate Physical Evidence.__

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one)  ☐ Not Guilty  ☑ Guilty  ☐ Nolo Contendere

6. Kind of trial: (Check one)  ☐ Jury  ☑ Judge Only

7. Did you testify at trial?  ☐ Yes  ☑ No

8. Did you appeal the judgment of conviction?  ☐ Yes  ☑ No

9. If you did appeal, in what appellate court did you file your direct appeal? __N/A__

   __N/A__  Cause Number (if known): __N/A__

   What was the result of your direct appeal (affirmed, modified or reversed)? __N/A__

   What was the date of that decision? __N/A__

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: __N/A__

   Result: __N/A__

   Date of result: __N/A__  Cause Number (if known): __N/A__

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: __N/A__

   Date of result: __N/A__

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.  ☑ Yes  ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: __77TH Judicial District Court/Limestone County, Texas__

    Nature of proceeding: __Nunc Pro Tunc__

    Cause number (if known): __#12115-A__

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court: Unavailable

Grounds raised: As presented in the instant petition

Date of final decision: December 13, 2022

What was the decision? Denied.

Name of court that issued the final decision: N/A

As to any <u>second</u> petition, application or motion, give the same information:

Name of court: Tenth Court of Appeals/Waco, Texas

Nature of proceeding: Mandamus

Cause number (if known): #10-23-00027-CR

Date (month, day and year) you <u>filed</u> the petition, application or motion as shown by a file-stamped date from the particular court:
January 20, 2023

Grounds raised: As presented in the instant petition

Date of final decision: April 26, 2023   No. #WR-84,164-07

What was the decision? Denied without Written Order

Name of court that issued the final decision: Texas Court of Criminal Appeals

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?   ☑ Yes   ☐ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: 77TH Judicial District Court/Limestone County, Texas. Case No. #12029-A

(b) Give the date and length of the sentence to be served in the future: Fifteen (15) years confinement. March 11. 2010.

-4-

(c)  Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?   ☐ Yes   ☒ No

**Parole Revocation:**

13. Date and location of your parole revocation: _____

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?   ☐ Yes   ☐ No

    If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon?
    ☐ Yes   ☐ No

16. Are you eligible for release on mandatory supervision?   ☐ Yes   ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
    _____

    Disciplinary case number: _____

    What was the nature of the disciplinary charge against you? _____

18. Date you were found guilty of the disciplinary violation: _____

    Did you lose previously earned good-time days?   ☐ Yes   ☐ No

    If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
    _____

    Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
    _____
    _____
    _____

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
    ☐ Yes   ☐ No

    If your answer to Question 19 is "Yes," answer the following:

    Step 1 Result: _____

Date of Result: _____

Step 2  Result: _____  _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize <u>briefly</u> the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

    <u>CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

A.  **GROUND ONE:** _____

    _____

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    _____

    _____

    _____

    _____

    _____

B.  **GROUND TWO:** _____

    _____

    Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

    _____

    _____

    _____

    _____

    _____

C.  **GROUND THREE:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

D.  **GROUND FOUR:** _____

_____

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

21. Relief sought in this petition: _____

_____

_____

_____

_____

_____

_____

## GROUNDS FOR RELIEF

GROUND No. 1: Petitioner is actually innocent within the execution of the Sentence imposed because the Order ordering the Sentence to be carried into execution is illegal, unauthorized, and void because the Sentence imposed was effectively stopped running after the Petitioner had begun to serve the sentence and the Sentence had already commenced.

GROUND No. 2: The execution of the Petitioner's sentence has deprived the Petitioner of time-credits towards the sentence that violates the Petitioner's constitutional rights under the 8TH Amendment to the United States Constitution to be free from cruel and unusual punishment.

Ground No. 3: The trial court entered an improper Cumulation Order because the sentence was ordered to commence after the completion of a subsequent sentence after it had already begun to commence to constitute cruel and unusual punishment.

## SUPPORTING FACTS

Due to the correlation of the Grounds for Relief under one set of facts, the facts as presented are germane to each Ground for Relief.

Petitioner was convicted for the alleged offense of Murder on March 11, 2010, before the 77TH Judicial District Court of Limestone County, Texas, in Case No. #12029-A, Styled: The State of Texas v. Reginald Bernard Hatton. Sentence was imposed and pronounced against the Petitioner at fifteen (15) years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division.

After the sentence imposed and pronounced in Case No. #12029-A had commenced, Petitioner was convicted on March 11, 2010, for the alleged offense of Tamper Fabricate Physcial Evidence, before the 77TH Judicial District Court of Limestone County, Texas, Styled: The State of Texas v. Regional Bernard Hatton. Sentence was imposed and pronounced against the Petitioner at ten (10) years confinement in the Texas Department of Criminal Justice-Correctional Institutions Division. The Judgment and Sentence in this case purports to Order the sentence in Case No. #12029-A to commence after the completion of the Sentence imposed pronounced in this case.

## ARGUMENT & AUTHORITIES

Article 42.09, Section 1 of the Texas Code of Criminal Procedure provides that the defendant's setnence begins to run on the day it is pronounced. Ex Parte Alaniz, 931 S.W.2d 26 (Tex.App. 13th Dist. 1996); a defendant beings to serve his sentence once it is pronounced. See., also Ex Parte Madding, 70 S.W.3d 131

A

(Tex.Cr.App. 2002). A court cannot cumulate a sentence after the defendant has begun serving the first sentence. A sentence must be continuous, as the prisoner cannot be required to serve his sentence in installments. Alaniz, Supra. and Madding, Supra.

Article 42.08 of the Texas Code of Criminal Procedure provides that: "When the same defendant has been convicted in two or more causes, judgment and sentence shall be pronounced in each case in the same manner as if there had been but on conviction. Excepte as provided by Section (b) and (c) of this article, in the discretion of the court, the judgment in the second and subsequent convictions may either be that the sentence imposed or suspended shall begin when the judgment and sentence imposed or suspended in the preceding conviction has ceased to operate."

In Dutton v. State, 836 S.W.2d 221 (Tex.App. 14th Dist. 1992); the court held that in discretion of the trial court, the judgment in the second and subsequent convictions may be such that the sentence imposed "shall" begin when the judgment sentence imposed in the preceding conviction has ceased to operate."

Thus, in view of the statute and controlling precedent of the State, it is clear that only the subsequent or second sentence can be cumulative to the preceding sentence.

T   The power of a court is limited after the sentence is imposed, as any attempt to cumulate sentences after the defendant has begun serving the first sentence is void. Alaniz, Supra.

As in Sawyer v. Whitely, 112 S.Ct. 2514 (1992), no trier of fact would have found the Petitioner eligible cumulative sentences under applicable State law, because the Petitioner had commenced to serving the first sentence, and that sentence had already begun to run at the time he was sentenced in the second and subsequent sentence. The Petitioner's first sentence could not be ordered to commence after the second and subsequent sentence had ceased to operate, because (1) the Petitioner had already begun to serve that sentence, and (2) the sentence could not be ordered cumulative to the subsequent or second sentence. A court cannot have confidence in the outcome of the Petitioner's case.

The Petitioner has been deprived of time-credits towards the sentence in this case, as the Texas Department of Criminal Justice-Correctional Institutions Division has not credited the sentence in this case because of the improper cumulation order.

B

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?   ☐ Yes  ☒ No
If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?   ☐ Yes  ☐ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition?
☐ Yes  ☒ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?   ☐ Yes  ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

　　(a)　At preliminary hearing: ____Jose Villanueva_____

　　(b)　At arraignment and plea: ____Jose Villanueva_____

　　(c)　At trial: ____Jose Villanueva_____

　　(d)　At sentencing: ____Jose Villanueva_____

　　(e)　On appeal: _____N/A_____

　　(f)　In any post-conviction proceeding: _____N/A_____

(g)   On appeal from any ruling against you in a post-conviction proceeding: _____

N/A

**Timeliness of Petition:**

26.   If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1] Petitoner was informed by prison officials' that his sentence(s) were not cummulative, because the purported Order was imporper. However, the Texas Board of Pardons and Paroles treated the Petitioner's sentences as cumulative sentence(s) for parole purposes, upon learning and understanding the circumstances of how his sentence(s) were being treated by the Texas Board of Pardons and Parole premised upon a recalculation by prison officials' the Petitioner initiated his State collateral proceedings within 1-year from the date of learnig about the matter that is not the subject of the complaint, on or about September 03, 2022.

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)   A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____
Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on June 23, 2023 (month, day, year).

Executed (signed) on June 12, 2023 (date).

Reginald B. Hatton
Signature of Petitioner (required)
Reginald Bernard Hatton

Petitioner's current address: No. #01637539, John M. Wynne State Farm, 810 FM 2821, West Hwy. 75, N., Huntsville, Texas. 77349-0005

-10-

Date: June 12, 2023

Phillip J. Devlin
Clerk
United States District Court
Western District of Texas
Waco Division
800 Franklin Ave., Rm. #380
Waco, Texas. 76701

   Re: Application For A Writ of Habeas Corpus.

Dear Mr. Devlin,

 In regards to the above-referenced matter, please find enclosed for filing and processing, an Application To Proceed In Forma Pauperis and accompanying Petition for Writ of Habeas Corpus.
 If, you have any questions regarding this matter, please feel free to contact me.

 Thank you for your prompt attention and kind assistance in this matter.

Cordiailly,

/s/ Reginald B. Hatton
 Reginald Bernard Hatton
 No. #01637539
John M. Wynne State Farm
810 FM 2821, West Hwy. 75, N.
Huntsville, Texas. 77349-0005




encls.
RBH/kmb.
CC: File.

Reginald Bernard Hatton
No. #01637539
John M. Wynne State Farm
810 FM 2821, West Hwy. 75, N.
Huntsville, Texas. 77349-0005



RECEIVED

JUN 15 2023

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

Phillip J. Devlin
Clerk
United States District Court
Western District of Texas
Waco Division
300 Franklin Ave., Rm. #380
Waco, Texas. 76701